918 F.2d 187
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carl G. FULLER, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 90-3151.
 United States Court of Appeals, Federal Circuit.
 Oct. 24, 1990.
 
 Before ARCHER, PLAGER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Carl G. Fuller (Fuller) appeals from a decision of the Merit Systems Protection Board (Board) sustaining the Navy's reduction-in-force (RIF) action that resulted in Fuller's separation from employment as Production Controller, GS-09. We affirm.
 
 OPINION
 
 2
 Fuller argues, as he did before the Board, that he is qualified for several positions including Facilities Management Specialist, GS-09, and Engineering Technician (Mechanical), GS-09, and that he should have been granted one of those positions in lieu of separation during the RIF. Each of Fuller's arguments on these issues was addressed by the Administrative Judge (AJ) in her well-reasoned opinion of April 5, 1989, which became final on December 18, 1989 when the Board issued an order denying Fuller's petition for review. We agree with the AJ's analysis and therefore affirm these issues on the basis of that decision.
 
 
 3
 Fuller also argues that he was denied a full and fair hearing because the AJ excluded proffered testimony of a rebuttal witness, Mr. Richard G. Hamilton. Under 5 C.F.R. Sec. 1201.41(b)(3), the AJ has authority to rule on offers of proof and receive relevant evidence. The AJ's evidentiary ruling is subject to reversal only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. Sec. 7703(c) (1988); Hambsch v. Department of Treasury, 796 F.2d 430, 435 (Fed.Cir.1986).
 
 
 4
 Fuller bears the burden of establishing the relevancy of the proffered testimony. See Hambsch, 796 F.2d at 436. In light of Fuller's own testimony and based upon the information provided in his offer of proof, we conclude that Mr. Hamilton's testimony would have simply repeated evidence already introduced by Fuller. We therefore conclude that the AJ's ruling does not constitute reversible error and that Fuller's statutory right to a hearing was not violated.
 
 
 5
 Accordingly, the decision of the Board is affirmed.